1    **McGuireWoods LLP**
Matthew C. Kane, Esq.   (SBN 171829)
2       Email:  mkane@mcguirewoods.com
Michael D. Mandel, Esq.  (SBN 216934)
3       Email:  mmandel@mcguirewoods.com
Sylvia Kim, Esq.     (SBN 258363)
4       Email:  skim@mcguirewoods.com
1800 Century Park East, 8th Floor
5   Los Angeles, California 90067
Telephone: (310) 315-8200
6   Facsimile: (310) 315-8210

7   Attorneys for Defendants,
BANK OF AMERICA, NATIONAL ASSOCIATION and BANK OF AMERICA
8   CORPORATION

9

10               **UNITED STATES DISTRICT COURT**

              **CENTRAL DISTRICT OF CALIFORNIA**

11

12   RHONIQUE GREEN and OLIVIA      CASE NO. **CV11 - 04571** STD (AGRx)
GIDDINGS, individually and on behalf
13   of all others similarly situated,      **DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL**
14            Plaintiffs,          **OF CIVIL ACTION FROM STATE COURT AND REQUEST FOR**
15        vs.                  **STAY PENDING ACTION BY THE JUDICIAL PANEL ON**
16   BANK OF AMERICA, NATIONAL    **MULTIDISTRICT LITIGATION**
ASSOCIATION, BANK OF
17   AMERICA CORPORATION, and     [Los Angeles Superior Court Case No.
DOES 1 through 50, inclusive,      BC 460216]
18
            Defendants.
19

20

21

22

23

24

25

26

27

28

1    **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

2    **CENTRAL DISTRICT OF CALIFORNIA:**

3         PLEASE TAKE NOTICE that Defendants BANK OF AMERICA,

4    NATIONAL ASSOCIATION ("Bank of America, N.A." or "BANA") and BANK

5    OF AMERICA CORPORATION ("BAC") (collectively "Defendants"), by and

6    through their undersigned counsel, hereby remove the above-entitled action

7    currently pending in the Superior Court of the State of California in and for the

8    County of Los Angeles (the "State Court") to the United States District Court for the

9    Central District of California on the grounds that this Court has original jurisdiction

10   over this civil action pursuant to 28 U.S.C. §§ 1332(d) & 1441, the Class Action

11   Fairness Act of 2005 ("CAFA"), and all other applicable bases for removal.  In

12   support of their Notice of Removal, Defendants aver as follows:

13                **PLEADINGS AND PROCEEDINGS**

14       1.     Plaintiffs Rhonique Green and Olivia Giddings ("Plaintiffs") filed a

15   Complaint against Defendants (the "Complaint") in the State Court on April 26,

16   2011, in a case styled as *Rhonique Green and Olivia Giddings v. Bank of America,*

17   *National Association, et al.,* Case No. BC 460216 (the "State Court Action").

18       2.     On April 29, 2011, Defendants were served with the following

19   documents from the State Court Action, a true and correct copy of each which is

20   attached hereto as the Exhibits identified below:

21       Exhibit A:   Class Action Complaint

22       Exhibit B:   Summons

23       Exhibit C:   ADR Information Package, Civil Case Cover Sheet, Addendum,

24                  and Statement of Location, Notice of Case Assignment

25       3.     The aforementioned documents and exhibits constitute all of the

26   process, pleadings, and orders that have been served on Defendants in the State

27   Court Action.

28

4.     Defendants are informed and believe that they are the only defendants whom have been properly served with process in the State Court Action. Defendant Does 1-50 have yet to be identified, and thus are to be disregarded for the purposes of this removal. *See* 28 U.S.C. § 1441(a). As such, Defendants are the only Defendants needed to join and consent to this removal.

5.     This action may be the subject of or otherwise related to an action that has previously been transferred by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to 28 U.S.C. § 1407. Specifically, a multidistrict litigation styled as *In re Bank of America Employment Practices Litigation* is currently pending in United States District Court, District of Kansas, Case No. 10-md-2138-JWL-KGS. The Consolidated Complaint in that action, filed on June 4, 2010, contains a cause of action pursuant to the Labor Code Private Attorneys General Act of 2004 ("PAGA"), seeking the recovery of civil penalties from Defendants for alleged violations of the California Labor Code. Similarly here, the Complaint alleges a single cause of action under PAGA for violation of California Labor Code section 1198 and relevant provisions of California Industrial Welfare Commission Wage Order 7-2001. Upon removal of this action to this Court, Defendants will promptly notify the JPML of the pendency of this action so that it may be transferred to the MDL proceedings in the District of Kansas.

## TIMELINESS OF REMOVAL

6.     This action has not previously been removed to federal court.

7.     On April 29, 2011, Defendants BANA and BAC, through their registered agent for service of process, were personally served with a Summons and the Complaint from the State Court Action. Thus, this Notice of Removal is filed with this Court within 30 days of service of Plaintiffs' Complaint and is timely under 28 U.S.C. § 1446(b).

## REMOVAL JURISDICTION -- CLASS ACTION FAIRNESS ACT OF 2005

8.     This court has jurisdiction under 28 U.S.C. §§ 1332(d) and 1453, 28

31359084.1

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT

1  U.S.C. § 1331, 28 U.S.C. § 1441(b), and all other applicable bases for removal.

2       9.     Under CAFA, this Court has jurisdiction over class actions where any

3  member of the class is a citizen of a State different from any defendant, and where

4  the aggregate amount in controversy exceeds the sum of $5,000,000, exclusive of

5  interest and costs, and the number of members of all proposed plaintiff classes in the

6  aggregate is at least 100 class members. *See* 28 U.S.C. § 1332(d)(2)-(6).  CAFA

7  authorizes removal of such actions under 28 U.S.C. § 1446.

8  <center>**NUMBER OF PUTATIVE CLASS MEMBERS**</center>

9       10.     Plaintiffs allege that Plaintiff Green "was employed as a Teller and

10  Senior Teller" at a Bank of America branch in the State of California.  Complaint ¶

11  8.  Plaintiffs further allege that Plaintiff Giddings "was employed as a Senior Teller"

12  at a Bank of America branch in the State of California.  Complaint ¶ 9.  Plaintiffs

13  purport to bring the single cause of action as a class action. *See generally*

14  Complaint ¶¶ 1, 12-18.  Plaintiffs have defined the alleged putative class as "All

15  persons who, during the applicable statute of limitations, were employed by Bank of

16  America in the State of California in a teller position (including without limitation

17  Teller or Senior Teller) and were not provided with a stool or seat."  Complaint ¶

18  12.

19       11.     According to the Complaint, the putative class is "so numerous that the

20  individual joinder of all members is impractical under the circumstances of this

21  case."  Complaint ¶ 14.  Plaintiff further alleges that the class is estimated to consist

22  of "well over 1,000 individuals." *Id.*

23       12.     During the one-year period prior to the filing of the Complaint,

24  Defendants employed approximately 10,000 persons who worked in positions in

25  California that Defendants believe constitute "teller positions," as that phrase is used

26  in the Complaint to define the putative class.  This includes persons holding the job

27  title of Teller and Senior Teller.

28  <center>**DIVERSE CITIZENSHIP**</center>

13. **Plaintiffs' Citizenship.** Plaintiffs Green and Giddings are, and at all times relevant to the Complaint have been, residents and citizens of the State of California. *See* Complaint ¶ 2-3. Defendants are informed and believe and thereon allege that Plaintiffs Green and Giddings have the intent to remain in California.

14. **Bank of America Corporation's Citizenship.** Defendant BAC is a corporation formed and existing under the laws of the State of Delaware, with its headquarters and principal place of business located at all relevant times in Charlotte, North Carolina. At its North Carolina headquarters, BAC's officers direct, control, and coordinate its activities, and the majority of its executive and administrative functions are performed there. Thus, BAC at all relevant times was and is a citizen of the States of Delaware and North Carolina for the purpose of determining jurisdiction. *See Hertz Corp. v. Friend*, ___ U.S. ___, 175 L.Ed.2d 1029, 1041-42 (2010).

15. **Bank of America, N.A.'s Citizenship.** Defendants need only establish that this putative class action lawsuit involves one defendant that is a citizen of a different state than one member of the putative class of plaintiffs. *See* 28 U.S.C. § 1453(b). Therefore, the diversity of citizenship between Plaintiffs (California) and Defendant BAC (Delaware and North Carolina) by itself, irrespective of the citizenship of any other party, establishes sufficient basis for removal of this action under CAFA. Nevertheless, Defendant BANA is also of diverse citizenship from Plaintiffs and thereby separately and independently establishes sufficient diversity of citizenship for purposes of removal of this action under CAFA.

16. Pursuant to 28 U.S.C. § 1332(c)(1), Defendant BANA is a citizen of the State of North Carolina (the location of its main office). Defendant BANA is a national banking association chartered under the laws of the United States. 28 U.S.C. § 1348 ("Section 1348") governs the citizenship of national banking associations for diversity purposes. Section 1348 provides, in relevant part, that

"[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the states in which they are respectively located." 28 U.S.C. § 1348.  For the purpose of diversity jurisdiction, a national banking association is "located" only in the state designated in its articles of association as its main office, even though it has branch offices in other states.  *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 317-18 (2006).  *See also American Surety Company v. Bank of California*, 133 F.2d 160 (9th Cir. 1943); *United States National Bank v. Hill*, 434 F.2d 1019 (9th Cir. 1970).  BANA is headquartered in, and therefore "located" in, North Carolina.  Its articles of association designate Charlotte, North Carolina, as the location of its main office.  Its principal executive offices, including the office of its President, are located in Charlotte.  Furthermore, BANA's certificate from the Office of the Comptroller of the Currency ("OCC") states that it is located in Charlotte, North Carolina, and the OCC has issued an Interpretive Letter regarding BANA's North Carolina citizenship for purposes of diversity jurisdiction.  In short, under the standard set forth in *Wachovia* and *American Surety*, BANA's principal place of business is, in fact, the state of North Carolina.  Further, given that BANA's headquarters are in Charlotte, North Carolina, that its officers direct, control and coordinate its activities from there, and that the majority of its executive and administrative functions are performed there, its state of citizenship is North Carolina, and not California, even under the standard set forth in *Hertz*, 130 S.Ct. 1183-84.

## AMOUNT IN CONTROVERSY

17.     The claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5 million. *See* 28 U.S.C. § 1332(d)(6).  In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)."  Senate Judiciary Committee Report, S. Rep. 109-14, at 42.  Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

18.     Here, Plaintiffs do not allege a specific amount in controversy, but instead seek "penalties against Bank of America as provided under Lab. Code section 2699(f), plus reasonably attorneys' fees...."  Complaint ¶ 23.  Thus, the Court must consider as evidence of the amount in controversy that which is "facially apparent" on the Complaint, as well as facts properly pleaded in the removal petition, particularly where, as here, the amount in controversy is not plainly evident from the pleadings. *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 984 (S.D. Cal. 2005).

19.     Plaintiffs' bring their single Cause of Action pursuant to the California Labor Code Private Attorneys General Act ("PAGA"), Labor Code sections 2698, *et*

31359084.1

7

*seq.* *See* Complaint ¶¶ 20-23.  Pursuant to this cause of action, Plaintiffs seek to recover civil penalties on behalf of themselves and the other putative class members for the violations of California Lab. Code § 1198 by Defendants.  Under Lab Code § 2699(f), the potential penalties are "one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

20.   From April 26, 2010, to February 4, 2011 (a period well within the statutory limitation period for a claim of penalties), a total of 10,213 people worked in California in positions Defendants' believe constitute "teller positions," as that phrase is used in the Complaint in defining the putative class.  These 10,213 people worked an average of approximately 15[1] pay periods each during the relevant time period.  Accordingly, the amount of potential civil penalties in controversy for just one alleged violation per employee per pay period is not less than the following:

$100 [amount of penalty per pay period for the initial violation] x 10,213 [employees] x 15 [pay periods with a violation]) = **$15,319,500**

## ATTORNEYS' FEES

21.   Although the penalties described above far exceed CAFA's jurisdictional minimum, Plaintiffs' Complaint also seeks an award of attorneys' fees. *See* Complaint ¶ 23.

22.   It is settled in the Ninth Circuit that where attorneys' fees are authorized by statute, they are appropriately part of the calculation of the "amount in controversy" for purposes of removal.  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. Wash. 2005); *Johnson v. America Online, Inc.*, 280 F.Supp.2d 1018

[1] The 10,213 persons who worked in "teller positions" in California collectively worked 160,688 pay periods.  Therefore, the average number of pay periods worked is 160,688/10,213 = 15.733672769.  Defendants have rounded this number down to a whole number to arrive at 15.

1   (N.D. Cal. 2003).   The Ninth Circuit uses a benchmark rate of 25% of the potential

2   damage award as an estimate for attorneys' fees.   Applying this benchmark to the

3   conservative estimates above relating to the amount in controversy on Plaintiffs'

4   First Cause of Action, the total amount of statutory attorneys' fees in controversy is

5   no less than **$3,892,875** [25% x $15,319,500 [amount in controversy for first cause

6   of action]].

<div align="center">

### TOTAL AMOUNT IN CONTROVERSY

</div>

7

8        23.   Based on all of the foregoing calculations, the total amount in

9   controversy in this action for CAFA removal jurisdiction purposes is not less than

10  **$19,149,375.**

11       24.   In sum, because there exists diversity of citizenship between Plaintiffs

12  and Defendants and Plaintiffs seek aggregate penalties and attorneys' fees that far

13  exceed the $5 million jurisdictional threshold, Defendants may properly remove this

14  action pursuant to 28 U.S.C. §§ 1332 and 1441(b).

<div align="center">

### VENUE

</div>

15

16       25.   Venue lies in this Court because Plaintiffs' action is pending in this

17  district and division.  *See* 28 U.S.C. § 1441(a).

18       26.   Nothing in this Notice of Removal is intended or should be construed

19  as any type of express or implied admission by the Defendants of any fact, of the

20  validity or merits of any of Plaintiffs' claims, causes of action, and allegations, or of

21  any liability for the same, all of which is/are hereby expressly denied, or as any type

22  of express or implied waiver or limitation of any of Defendants' rights, claims,

23  remedies, and defenses in connection with this action, all of which are hereby fully

24  and expressly reserved.  Further, Defendants expressly reserve their right to amend

25  or supplement this Notice of Removal and the evidence in support thereof to the

26  fullest extent permitted by applicable law.

27       WHEREFORE, Defendants request that the above-captioned action now

28  pending in the State Court be removed to this United States District Court.

31359084.1

<div align="center">9</div>

1  Defendants further request that this Court issue an immediate stay of this action,

2  pending action by the Judicial Panel on Multidistrict Litigation to transfer this action

3  to the District of Kansas.

4

5  DATED: May 26, 2011                    McGuireWoods LLP

6

7

8                                        By: _____

                                            Matthew C. Kane, Esq.
9                                           Michael D. Mandel, Esq.
                                            Sylvia Kim, Esq.
10
                                            Attorneys for Defendants
11                                          Bank of America, Inc., and
                                            Bank of America, National Association
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT   A

1  JAMES F. CLAPP (145814)
   jclapp@sdlaw.com
2  MARITA MURPHY LAUINGER (199242)
   mlauinger@sdlaw.com
3  ZACHARIAH P. DOSTART (255071)
   zdostart@sdlaw.com
4  DOSTART CLAPP & COVENEY, LLP
   4370 La Jolla Village Drive, Suite 970
5  San Diego, California  92122-1253
   Tel:  858-623-4200
6  Fax: 858-623-4299

7  KEVIN J. McINERNEY (46941)
   kevin@mcinerneylaw.net
8  McINERNEY & JONES
   18124 Wedge Parkway #503
9  Reno, Nevada 89511
   Tel: 775-849-3811
10 Fax: 775-849-3866

11 MATTHEW RIGHETTI (121012)
   matt@righettilaw.com
12 RIGHETTI LAW FIRM, P.C.
   456 Montgomery Street, Suite 1400
13 San Francisco, California 94104
   Tel: 415-983-0900
14 Fax: 415-397-9005

15 Attorneys for Plaintiffs

16

17           SUPERIOR COURT OF THE STATE OF CALIFORNIA

18             IN AND FOR THE COUNTY OF LOS ANGELES

19

20 RHONIQUE GREEN and OLIVIA          CASE NO.
   GIDDINGS, individually and on behalf of all
21 others similarly situated,         CLASS ACTION COMPLAINT FOR
                                      VIOLATION OF THE LABOR CODE
22           Plaintiffs,              PRIVATE ATTORNEYS GENERAL ACT
                                      OF 2004 (CAL. LAB. CODE SECTION
23 vs.                               2698 ET SEQ.)

24 BANK OF AMERICA, NATIONAL
   ASSOCIATION, BANK OF AMERICA
25 CORPORATION, and DOES 1 through 50,
   inclusive,
26
             Defendants.
27

28

CLASS ACTION COMPLAINT

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 25 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
         Mary Flores

BY FAX

BC 4 6 0 2 1 6

1       Plaintiffs Rhonique Green and Olivia Giddings, individually and on behalf of all others

2  similarly situated, allege as follows:

3                        INTRODUCTION

4      1.      This is a class action and a representative action for recovery of penalties under the

5  California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code section

6  2698 et seq. PAGA permits "aggrieved employees" to bring a lawsuit on behalf of themselves and

7  other current and former employees to address an employer's violations of the California Labor

8  Code. In this case, defendants violated California Labor Code section 1198 and Wage Order 7-

9  2001, section 14 by failing to provide suitable seats to plaintiffs and other current and former

10  employees. Plaintiffs seek penalties on behalf of themselves and other current and former

11  employees of defendants as provided herein.

12      2.     Plaintiff Rhonique Green is an individual residing in the State of California.

13      3.     Plaintiff Olivia Giddings is an individual residing in the State of California.

14      4.     Defendant Bank of America, National Association, is a National Association doing

15  business in Los Angeles, California.

16      5.     Defendant Bank of America Corporation is a North Carolina corporation doing

17  business in Los Angeles, California. For ease of reference, plaintiffs will refer to defendants

18  collectively as "Bank of America."

19      6.     Plaintiffs do not know the names of those defendants sued as DOES 1 through 50

20  but will amend this complaint when they learn those names. Plaintiffs allege on information and

21  belief that each of the defendants is the agent, representative, successor, affiliate, officer, director,

22  employee, co-conspirator, or alter ego of each of the other defendants and is in some manner

23  responsible for the wrongdoing alleged herein.

24      7.     Venue is proper in this judicial district because at least some of the alleged

25  wrongdoing occurred in this judicial district.

26      8.     Plaintiff Green was employed as a Teller and Senior Teller at a Bank of America

27  branch in San Bernardino County until approximately September 2010.

28

CLASS ACTION COMPLAINT

9.     Plaintiff Giddings was employed as a Senior Teller at a Bank of America branch in Los Angeles County until approximately March 2011.

10.     The bank teller counters in Bank of America branches throughout California are similar in their layout and design. There is ample space behind each counter to allow for the use of a stool or seat by Bank of America's tellers during the performance of their work duties. Defendants' bank tellers spend a very substantial portion of their working time behind these counters. The work of a bank teller can reasonably be accomplished while using a stool or seat.

11.     Wage Order 7-2001, which covers businesses in the "mercantile industry" such as Bank of America, states: "All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats." Id., section 14(a). Bank of America failed to provide its tellers, including plaintiffs, with seats, despite the fact that the nature of teller work reasonably permits the use of seats.

## CLASS ALLEGATIONS

12.     Class Definition:  Plaintiffs bring this lawsuit on their own behalf and as a class action under Cal. Code Civ. Proc. section 382 and Fed. R. Civ. P. 23. The class ("Class") that plaintiffs seek to represent is defined as follows: "All persons who, during the applicable statute of limitations, were employed by Bank of America in the State of California in a teller position (including without limitation Teller or Senior Teller) and were not provided with a stool or seat."

13.     Ascertainable Class:  The Class is ascertainable in that its members may be identified and located using information contained in Bank of America's personnel records.

14.     Numerosity:  The Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. Plaintiffs are informed and believe that the Class consists of well over 1,000 individuals.

15.     Common Questions of Fact or Law:  This lawsuit is suitable for class treatment because common questions of fact and law predominate over individual issues. Common questions include, but are not limited to, the following: (1) whether Bank of America is subject to the requirements of Wage Order 7-2001, section 14; (2) whether the job of a teller at Bank of America reasonably permits the use of a stool or seat; (3) what type(s) of stool or seat would be

1 suitable; (4) whether Bank of America ever allowed any teller to use a stool or seat in the course
2 of his or her duties; and (5) the amount of penalties that should be awarded under PAGA.

3     16.  Typicality:  Plaintiffs' claims are typical of the claims of Class members. Plaintiffs
4 and the Class members were injured by Bank of America's common practice of failing to provide
5 seats.

6     17.  Adequacy:  Plaintiffs will fairly and adequately protect the interests of the Class.
7 Plaintiffs have no interests that are adverse to the interests of the Class.

8     18.  Superiority:  A class action is superior to other available means for the fair and
9 efficient adjudication of this controversy, since individual joinder of all members of the Class is
10 impractical. Class action treatment will permit a large number of similarly situated persons to
11 prosecute their common claims in a single forum simultaneously, efficiently, and without
12 unnecessary duplication of effort and expense. Furthermore, the expenses and burden of
13 individualized litigation would make it difficult or impossible for individual members of the Class
14 to redress the wrongs done to them, while an important public interest will be served by
15 addressing the matter as a class action. Individualized litigation would also present the potential
16 for inconsistent or contradictory judgments.

18               **FIRST CAUSE OF ACTION**
19               (Violation of PAGA)

20     19.  Plaintiffs incorporate by reference the allegations set forth above.

21     20.  California Labor Code section 1198 makes it illegal to employ an employee under
22 conditions of labor that are prohibited by the applicable wage order. By failing to provide
23 plaintiffs and the other Class members with seats, in violation of Wage Order 7-2001, section 14,
24 Bank of America violated Lab. Code section 1198.

25     21.  PAGA permits an "aggrieved employee" to recover penalties on behalf of himself
26 or herself and other current or former employees as a result of the employer's violations of certain
27 sections of the California Labor Code. Plaintiffs are aggrieved employees, in that plaintiffs are
28 employed by Bank of America and were not provided with a seat, in violation of Lab. Code

                     3

CLASS ACTION COMPLAINT

1  section 1198 and Wage Order 7-2001, section 14.  A violation of Lab. Code section 1198 gives

2  rise to a private right of action under PAGA.

3      22.    Plaintiffs have complied with the PAGA notice provision set forth in Cal. Lab.

4  Code section 2699.3(a)(1).  The Labor and Workforce Development Agency has not provided

5  plaintiffs with notice that it intends to investigate this violation, although 33 calendar days have

6  elapsed since the postmark date of plaintiffs' notices.  Accordingly, plaintiffs are entitled to

7  commence this action.

8      23.    Plaintiffs request penalties against Bank of America as provided under Lab. Code

9  section 2699(f), plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

10  <div align="center">PRAYER</div>

11      WHEREFORE, plaintiffs request entry of judgment, on behalf of themselves and the other

12  Class members, against each defendant, jointly and severally, as follows:

13      1.    For penalties according to proof;

14      2.    For reasonable attorneys' fees and costs of suit; and

15      3.    For such other relief that the Court deems proper.

16

17  Dated: April 26, 2011                    DOSTART CLAPP & COVENEY, LLP

18

19      JAMES F. CLAPP

20      Attorneys for Plaintiffs

21  434350.1

22

23

24

25

26

27

28

<div align="center">4</div>

EXHIBIT   B

4/26/2011                          Ace Attorney Service (213) 623-7527                          1 of SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BANK OF AMERICA, NATIONAL ASSOCIATION, BANK OF AMERICA
CORPORATION, and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RHONIQUE GREEN and OLIVIA GIDDINGS, individually and on behalf of all
others similarly situated,

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|
| | CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>APR 2 6 2011<br><br>John A. Clarke, Executive Officer/Clerk<br>Mary Flores |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles County Superior Court<br>Stanley Mosk Courthouse<br>111 N. Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>BC 460216 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James F. Clapp (145814)
DOSTART CLAPP & COVENEY, LLP
4370 La Jolla Village Drive, Ste. 970, San Diego, CA 92122  Tel: 858-623-4200

Mary Flores

| DATE:<br>*(Fecha)* APR 2 6 2011 | JOHN A. CLARKE, Clerk, by | , Deputy<br>*(Adjunto)* |
|---|---|---|
| | *(Secretario)* | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| | 1. ☐ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☒ on behalf of *(specify):* BANK of America Corporation |
| | under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor) |
| |         ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee) |
| |         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person) |
| |         ☐ other *(specify):* |
| | 4. ☒ by personal delivery on *(date):* |

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

4/26/2011                Ace Attorney Service (213) 623-7527                1 of 1 SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
BANK OF AMERICA, NATIONAL ASSOCIATION, BANK OF AMERICA
CORPORATION, and DOES 1 through 50, inclusive

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
RHONIQUE GREEN and OLIVIA GIDDINGS, individually and on behalf of all
others similarly situated,

APR 2 6 2011

John A. Clarke, Executive Officer/Clerk
BY
Mary Flores

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: (El nombre y dirección de la corte es): Los Angeles County Superior Court Stanley Mosk Courthouse 111 N. Hill Street Los Angeles, CA 90012 | CASE NUMBER: (Número del Caso): BC 460216 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
James F. Clapp (145814)
DOSTART CLAPP & COVENEY, LLP
4370 La Jolla Village Drive, Ste. 970, San Diego, CA 92122  Tel: 858-623-4200

Mary Flores

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| (Fecha) APR 2 6 2011  JOHN A. CLARKE, Clerk | (Secretario) | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): BANK of America, National association
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☒ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT  C

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.
>
> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.
>
> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.
>
> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- Civil Action Mediation (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- Retired Judge Settlement Conference
- Neutral Evaluation (Governed by Los Angeles Superior Court Rules, chapter 12.)
- Judicial Arbitration (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- Eminent Domain Mediation (Governed by Code of Civil Procedure section 1250.420.)
- Civil Harassment Mediation
- Small Claims Mediation

FAMILY LAW (non-custody):
- Mediation
- Forensic Certified Public Accountant (CPA) Settlement Conference
- Settlement Conference
- Nonbinding Arbitration (Governed by Family Code section 2554.)

PROBATE:
- Mediation
- Settlement Conference

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| | |
|---|---|
| Party Select Panel | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Random Select Panel | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Private Neutral | The market rate for private neutrals can range from $300-$1,000 per hour. |

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8566 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

4/26/2011     Ace Attorney Service (213) 623-7527     1 of 2

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| James F. Clapp (145814), Zach P. Dostart (255071)<br>DOSTART CLAPP & COVENEY, LLP<br>4370 La Jolla Village Drive, Suite 970<br>San Diego, CA 92122<br>TELEPHONE NO.: 858-623-4200   FAX NO.: 858-623-4299<br>ATTORNEY FOR *(Name):* Plaintiffs GREEN and GIDDINGS | CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br>APR 26 2011<br>John A. Clarke, Executive Officer/Clerk<br>BY _____ Deputy<br>Mary Flores |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse, Central District

CASE NAME:
Green v. Bank of America, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC 460 216<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* (1) Violation of the Labor Code Private Attorneys General Act of 2004
5. This case [✓] is [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 26, 2011
Zach P. Dostart
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]<br>**CIVIL CASE COVER SHEET**<br>Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com

4/26/2011                        Ace Attorney Service (213) 623-7527                        2 of 2

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases. In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                        **CIVIL CASE COVER SHEET**                        Page 2 of 2

4/26/2011                     Ace Attorney Service (213) 623-3979                              1 of 4

| SHORT TITLE: Green, et al. v. Bank of America, et al. | CASE NUMBER |
| --- | --- |
| | BC 460 216 |

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

APR 26 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
        Mary Flores

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [✓] YES   CLASS ACTION? [✓] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL  5  [ ] HOURS/[✓] DAYS

**Item II.** Select the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

```
Applicable Reasons for Choosing Courthouse Location (see Column C below)
```

1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| Auto Tort | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2. |
| | | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |

LACIV 109 (Rev. 01/11)
LASC Draft 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: Green, et al. v. Bank of America, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | ①, 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

4/26/2011                          Ace Attorney Service (213) 623-3979                          3 of 4

| SHORT TITLE: Green, et al. v. Bank of America, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. . |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. . |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/11)              **CIVIL CASE COVER SHEET ADDENDUM**              LASC, rule 2.0
LASC Draft 03-04                       **AND STATEMENT OF LOCATION**                Page 3 of 4

| SHORT TITLE: Green, et al. v. Bank of America, et al. | CASE NUMBER |
|---|---|

Item III. *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>550 South Hill Street |
|---|---|
| **CITY:** Los Angeles | **STATE:** CA | **ZIP CODE:** 90013 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court [Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)].

Dated: April 26, 2011

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 (Rev. 01/07).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
Case Number _____

BC 460816

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3©).  There is additional information on the reverse side of this for

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | Hon. Emilie H. Elias* | 324 | CCW |
| Hon. Michelle R. Rosenblatt | 40 | 414 | other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

**\*Class Actions**
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S.Commonwealth Ave., Los Angeles 900
This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the
Outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the
Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk
                                                                                                  By_____, Deputy Cler

LACIV CCH 190 (Rev. 04/10)                      NOTICE OF CASE ASSIGNMENT –
LASC Approved 05-06                                 UNLIMITED CIVIL CASE                                      Page 1 of 2

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

1

## PROOF OF SERVICE

2    I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is 1800 Century Park
3    East, 8th Floor, Los Angeles, California 90067.  On May 26, 2011, I served the following
document(s) described as:

4

5    DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL
ACTION FROM STATE COURT AND REQUEST FOR STAY PENDING
ACTION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

6

7    on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes
addressed as follows:

8    James F. Clapp, Esq.                          Attorneys for Plaintiffs
Zach P. Dostart, Esq.
9    Dostart Clapp & Coveney, LLP
9370 La Jolla Village Drive, Suite 970
10   San Diego, CA 92122
Telephone: 858-623-4200
11   Facsimile: 858-623-4299

12

13

14   ☒    **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing
correspondence for mailing with the United States Postal Service.  Under that practice, it
would be deposited with the United States Postal Service that same day in the ordinary
15   course of business.  Such envelope(s) were placed for collection and mailing with postage
thereon fully prepaid at Los Angeles, California, on that same day following ordinary
16   business practices.  (C.C.P. § 1013 (a) and 1013a(3))

17   ☐    **BY FACSIMILE:** At approximately 9:15 a.m., I caused said document(s) to be
transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court.  The
18   telephone number of the sending facsimile machine was (310) 315-8210.  The name(s) and
facsimile machine telephone number(s) of the person(s) served are set forth in the service
19   list.  The document was transmitted by facsimile transmission, and the sending facsimile
machine properly issued a transmission report confirming that the transmission was
20   complete and without error.

21   ☐    **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility
regularly maintained by the overnight service carrier, or delivered such document(s) to a
22   courier or driver authorized by the overnight service carrier to receive documents, in an
envelope or package designated by the overnight service carrier with delivery fees paid or
23   provided for, addressed to the person(s) served hereunder.  (C.C.P. § 1013(d)(e))

24   ☐    **BY HAND DELIVERY:** I delivered such envelope(s) by hand to the office of the
addressee(s).  (C.C.P. § 1011(a)(b))

25

26   I declare that I am employed by a Member of the Bar of this Court and that the foregoing is
true and correct.  Executed on May 26, 2011, at Los Angeles, California.

27

28                                    _Sheron P. McDonald_
                                      Sheron P. McDonald

31421421.1                          PROOF OF SERVICE