JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONIQUE GREEN and OLIVIA GIDDINGS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, BANK OF AMERICA CORPORATION, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 11-CV-04571-R-AGR<br><br>**ORDER GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |

Defendants Bank of America, N.A. and Bank of America Corporation (collectively, "Defendants" or the "Bank") moved to dismiss the Complaint of Plaintiffs Rhonique Green and Olivia Giddings, or in the alternative, moved to strike Plaintiffs' class action allegations. The Court conducted a hearing on the Bank's motion on May 20, 2013. Plaintiffs were represented by Kevin J. McInerney, Esq. Defendants were represented by Michael D. Mandel, Esq. of McGuireWoods LLP.

After full consideration of the papers submitted by the parties, and arguments made at the hearing on this matter, the Court GRANTS Defendants' Motion to Dismiss, with prejudice.

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Following remand from the Ninth Circuit, Defendants move to dismiss plaintiff's complaint on alternative grounds not raised in defendant's first motion to dismiss. FED. R. CIV. PROC. 12(b)(6). In general, a failure to raise all defenses in a party's first Rule 12 motion acts as a waiver of the ability to raise those defenses in a Rule 12 pre-answer motion. FED. R. CIV. PROC. 12 (g). However, in the interest of promoting the expeditious resolution of the case and narrowing the issues, and because there is no suggestion that the purpose of the motion is merely to delay, the Court will permit Defendants' successive motion to dismiss. *Allstate Insurance Company v. Countrywide Financial Corporation*, 824 F.Supp.2d 1164 (C.D. Cal. 2011).

First, Defendants contend that Plaintiffs' complaint fails to state a claim because the National Bank Act preempts each of the claims in the complaint. The National Bank Act, 12 U.S.C. § 21, *et seq*, is principally aimed at protecting national banks from intrusive state regulation of the business of banking or activities incidental to the business of banking. It has long been recognized that in order to effectuate that aim, state regulations that interfere with or obstruct a national bank from exercising the powers granted by the National Bank Act are preempted. *Bank of America v. City and County of San Francisco*, 309 F.3d 551 (9th Cir. 2002) ("*City and County of San Francisco*").

In this case, the Wage Order at issue is preempted, if at all, because it conflicts with or frustrates the purpose of the NBA and the Congressional intent to create a national banking system with uniform and universal operation through the entire territorial limits of the country. *Talbot v. Board of Commissioners of Silver Bow County*, 139 U.S. 438 (1891). Within the area of conflict preemption, courts have routinely found state regulations which grant individuals greater rights or protections than afforded under parallel federal laws to be preempted. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005) ("*Kroske*").

Wage Order 7-2001, which is the center of the dispute in this case, generally sets forth regulations pertaining to wage and hour requirements that employers must follow. *See generally* 8 C.C.R. § 11070. Those wage and hour requirements parallel the federal Fair Labor Standards Act (FLSA), 29 U.S.C. § 200, *et seq.*

But Wage Order 7-2001 goes farther than the FLSA and even beyond the FLSA's saving clause. 29 U.S.C. § 218. In including a seating requirement, Wage Order 7-2001 spurs off of the path of parallelism with the FLSA and provides employees with added protections. Indeed, requiring employers to provide seating to employees is not a regulation of hours and wages -- the principal aim of both the FLSA and Wage Order 7-2001 -- it is a regulation of working conditions, which imposes a far more intrusive and burdensome regulation on defendant carrying out its business of banking. In this way the seating requirement is analogous to the *Kroske* Court's guidance recognizing that state law prohibitions which are inconsistent with federal laws must frustrate the congressionally intended uniformity in the regulation of national banks. *Kroske*, 432 F.3d at 981.

Here, it is the case that because Section 14(a) of Wage Order 7-2001 regulates working conditions outside of the scope of the parallel FLSA wage and hour rules and grants additional rights to employees, the regulation offends and frustrates the intent of the National Bank Act to regulate uniformly and universally across the United States.

In arguing against preemption, plaintiff points only to the general notion that state regulations involving the state's historical police powers are entitled to a presumption again preemption. Ordinarily, plaintiff is correct. However, where the state regulates in an area where there has been a history of significant federal presence, the presumption against preemption does not apply. *Kroske*, 432 F.3d at 981; *City and County of San Francisco*, 309 F.3d at 559. Because the area of employment regulation has traditionally been a cooperative federal and state endeavor, the presumption against preemption does not apply.

3
**[PROPOSED] ORDER GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS**

For the foregoing reasons, the Court finds that Section 14(a) of Wage Order 7-2001 is preempted to the extent it provides employees working at national banking associations with the rights greater than those extended to them by parallel federal laws. Consequently, Defendants' motion to dismiss is granted.

In addition and alternatively, the Court finds that Plaintiffs' complaint must be dismissed for failure to exhaust administrative remedies. Cal. Labor Code § 2699.3. Plaintiffs' letters to the Labor and Workforce Development Agency are conclusory: They merely recite the elements of the Wage Order provision at issue and fail to state forth any -- even the most basic facts upon which plaintiffs' claims rely. As a matter of law, the letters are therefore insufficient to provide adequate notice as required by Labor Code § 2699. *Archila v. KFC U.S. Properties, Inc.*, 420 Fed.Appx. 667 (9th Cir. 2011).

Because Defendants' motion to dismiss is granted, the Court does not reach the issue of whether Plaintiffs' complaint adequately states a class action claim.

**IT IS SO ORDERED.**

Dated: _May 30, 2013__          _____
                                HONORABLE MANUEL L. REAL
                                UNITED STATES DISTRICT JUDGE