UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4571 PA (AGRx) | Date | February 3, 2016 |
|---|---|---|---|
| Title | Rhonique Green, et al. v. Bank of America, N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS - ORDER TO SHOW CAUSE

Before the Court is a Notice of Removal filed by defendants Bank of America, N.A. and Bank of America Corporation (collectively "Defendants"). (Docket No. 1.) The "class action complaint" filed by plaintiffs Rhonique Green and Olivia Giddings (collectively "Plaintiffs") presents a single cause of action for violation of the California Private Attorneys General Act ("PAGA"), Cal. Labor Code §§ 2698, et seq. Defendants state that "this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332(d) & 1441, the Class Action Fairness Act of 2005 ("CAFA") and all other applicable bases for removal." (Notice of Removal at 1.)[1]

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). District courts also have original jurisdiction over putative class actions pursuant to the Class Action Fairness Act of 2005 ("CAFA"). See 28 U.S.C. § 1332(d); Birdson v. Apple, Inc., 590 F.3d 955, 957 n.1 (9th Cir. 2009). CAFA provides for original jurisdiction over class

---

[1]  Elsewhere in the Notice of Removal, Defendants state that "[t]his court has jurisdiction under 28 U.S.C. §§ 1332(d) and 1453, 28 U.S.C. § 1331, 28 U.S.C. § 1441(b), and all other applicable bases for removal." (Notice of Removal ¶ 8.) 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This is plainly not applicable to an action involving a single state law claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4571 PA (AGRx) | Date | February 3, 2016 |
|---|---|---|---|
| Title | Rhonique Green, et al. v. Bank of America, N.A., et al. | | |

actions, meaning "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  CAFA requires that at least one plaintiff and one defendant are citizens of different states and that the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).

Recent Ninth Circuit authority limits the role of PAGA claims in establishing federal subject matter jurisdiction.  First, in Urbino v. Orkin Servs. of California, Inc., 726 F.3d 1118 (9th Cir. 2013), the court held that PAGA penalties may not be aggregated to satisfy the amount in controversy requirement under 28 U.S.C. § 1332(a).  Second, in Baumann v. Chase Inv. Servs. Corp., 747 F.3d 1117 (9th Cir. 2014), the court held that a PAGA action is not sufficiently similar to a Rule 23 class action to trigger CAFA jurisdiction.

Here, Defendants calculate the amount in controversy based on PAGA penalties of "one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."  (Notice of Removal ¶ 19.)  Defendants estimate that putative class members worked approximately 15 pay periods each during the time period at issue.  Thus, assuming one violation per pay period for 10,213 employees, Defendants allege that the amount in controversy is $15,319,500 plus $3,892,875 in attorneys' fees.  However, Defendants' aggregation of PAGA penalties is not permitted under Urbino for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a), and Baumann precludes CAFA jurisdiction.  Moreover, there is no evidence that the penalties available to the two named defendants, standing alone, are sufficient to satisfy the amount in controversy requirement under 28 U.S.C. § 1332(a).

Accordingly, Defendants are ordered to show cause why this case should not be remanded to Los Angeles County Superior Court for lack of federal subject matter jurisdiction.  Defendants are to submit their written response, not to exceed ten (10) pages, no later than February 15, 2016.  Plaintiffs may file a reply, also not to exceed ten (10) pages, no later than February 22, 2016.

IT IS SO ORDERED.